# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | **ORDER DISMISSING MOTION** |
| vs. | ) | |
| | ) | Case No. 1:03-cr-046 |
| Rosalio Guitron-Vargas, | ) | |
| Defendant. | ) | |

Before the Court is the Defendant Rosalio Guitron-Vargas', "Motion to Vacate Conviction, Acquit and Dismiss Defendant for want of Due Process and Multiple Constitutional Violations" filed on August 30, 2017. See Docket No. 315. For the reasons set forth below, the motion is dismissed.

## I.    BACKGROUND

In December 2003, a jury found Vargas guilty on three drug related offenses and one firearm offense. See Docket No. 131. On February 26, 2004, Vargas was sentenced to 360 months imprisonment. See Docket No. 149. Vargas appealed. See Docket No. 151. On September 14, 2005, the Eighth Circuit Court of Appeals affirmed his conviction and sentence. See United States v. Barth, 424 F.3d 753 (8th Cir. 2005).

On August 7, 2006, Vargas filed a motion under 28 U.S.C. § 2255. See Docket No. 193. The Court denied the motion on January 17, 2007. See Docket No. 216. Vargas appealed. The Eighth Circuit Court of Appeals denied Vargas a certificate of appealability and dismissed the appeal on September 7, 2007. See Docket No. 238. Vargas filed a motion to reduce sentence on November 10, 2014. See Docket No. 254. On January 11, 2016, the Court denied the motion. See Docket No. 273. Vargas appealed. On February 8, 2016, the Eighth Circuit Court of Appeals summarily denied

the appeal. See Docket No. 278. Now before the Court is a *pro se* "Motion to Vacate Conviction, Acquit and Dismiss Defendant for want of Due Process and Multiple Constitutional Violations" filed on August 30, 2017. See Docket No. 315.

II.  **LEGAL ANALYSIS**

Vargas does not explain what procedural vehicle his motion is brought pursuant to, but he does briefly mention "Habeas Corpus Relief" and Rule 60(b). See Docket No. 315, pp. 15 and 17. Vargas contends, among other things, that his defense counsel conspired with the prosecutor to convince him to sign the plea agreement and perpetrated a fraud upon the Court, that he does not speak or understand the English language, that he was denied his Sixth Amendment right to counsel, and his conviction is thus void. The motion is handwritten in English. It should also be noted that Vargas did not plead guilty, but rather went to trial and was found guilty by a jury. The plea agreement attached as an exhibit to the motion pertains to Vargas' conviction in a separate case for reentry of a deported alien. Upon careful review of Vargas' motion, the Court finds Vargas is essentially seeking habeas relief as he is challenging his conviction and the conduct of his defense counsel. Thus, the Court will treat the motion as one filed pursuant to 28 U.S.C. § 2255.

The Court has reviewed the motion as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings. This is the second Section 2255 motion Vargas has filed and, thus, the motion is clearly successive. Before a second or successive Section 2255 motion may be filed in the district court, the applicant must move the appropriate court of appeals for an order authorizing the district court to consider the second or successive motion. 28 U.S.C. §§ 2244(3) and 2255(h); United States v. Lambros, 404 F.3d 1034, 1036-37 (8th Cir. 2005). If a federal inmate files a successive Section

2255 motion, the district court may either dismiss the motion for failure to obtain the required authorization or transfer the motion to the court of appeals. Id. The record reveals Vargas has not sought authorization from the Eighth Circuit Court of Appeals to file a second or successive motion under Section 2255 and, thus, dismissal is appropriate.

### III.  CONCLUSION

After carefully reviewing the entire record and the relevant law, the Court finds that Vargas' motion is a second or successive motion under 28 U.S.C. § 2255, filed without first obtaining authorization from the Eighth Circuit Court of Appeals under 28 U.S.C. § 2255(h). Accordingly, the Court issues the following **ORDER**:

1) Vargas' motion (Docket No. 315) is **DISMISSED**.

2) The Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

3) Based upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983); Tiedman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997). If the defendant desires further review of his motion he may request issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated this 11th day of September, 2017.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court
